OPINION
{¶ 1} Appellant Dino Crawford appeals the eighteen-month sentence imposed by the Stark County Court of Common Pleas following his conviction for vehicular homicide with a driving under suspension specification. The following facts give rise to this appeal.
 {¶ 2} The Stark County Grand Jury indicted appellant on charges of aggravated vehicular homicide with a driving under suspension specification and vehicular assault with driving under suspension specification on March 7, 2002. These charges were the result of an accident that occurred on November 2, 2001. On this date, appellant was involved in an accident at the Dueber Avenue extension and Brinker Street intersection after he picked up his friend, Robert "Beau" Ross, from Gracey's Bar, due to his friend's intoxicated state. Prior to leaving the bar, appellant consumed some alcohol. At the time of the accident, appellant's girlfriend, Rebecca Evanko, was also in the vehicle.
 {¶ 3} After leaving the bar, appellant, Evanko and Ross decided to go joy riding, looking for deer, even though visibility was hindered by thick fog. According to Evanko, the accident occurred when appellant approached the stop sign at the intersection of Dueber Avenue and Brinker Street. Appellant slowed down and then proceeded through the intersection. At this time, Jonathan Simon was driving his vehicle on his way to work.
 {¶ 4} As Simon went through the intersection, his vehicle was struck by appellant's vehicle and shoved through a guard rail. Simon's vehicle went down a ten-foot embankment. The impact caused Simon numerous fractures, however, he was able to eventually free himself from his vehicle. Simon recalls hearing appellant's vehicle accelerate through the intersection as it hit his vehicle. There were no skid marks at the scene of the accident. Appellant's vehicle also traveled over the embankment following the collision. Ross was ejected from the front passenger seat, causing trauma to his head. Ross died as a result of his injuries. Appellant and Evanko suffered only minor injuries.
 {¶ 5} This matter proceeded to trial on July 8, 2002. Following deliberations, the jury found appellant guilty of a lesser charge of vehicular homicide with a driving under suspension specification, a felony of the fourth degree. At a sentencing hearing on July 15, 2002, the trial court imposed an eighteen-month sentence and a lifetime license suspension. On July 19, 2002, the trial court amended the sentencing entry to reflect a five-year license suspension.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. The trial court erred and failed to make the explicit findings that demonstrate why the minimum term of imprisonment should not have been imposed per Ohio Revised Code 2929.14(B) and for not considering mitigating factors per the purposes and principles of felony sentencing."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court erred when it failed to impose the minimum term of imprisonment and consider mitigating factors for purposes of felony sentencing. We disagree.
 {¶ 9} In support of his assignment of error, appellant cites R.C.2929.14(B), which provides:
 {¶ 10} "Except as provided in division (C),(D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 11} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 12} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 13} Appellant contends the eighteen-month sentence imposed by the trial court is not supported by the record because the court did not consider the statutory mitigating factors contained in R.C. 2929.12. However, appellant concedes the trial court made the requisite findings under R.C. 2929.14(B). Specifically, the trial court stated, at the sentencing hearing, that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. Tr. Sentencing Hrng., July 15, 2002, at 12.
 {¶ 14} Subsection (G)(2) of R.C. 2953.08 governs an appeal of a sentence for a felony conviction. This statute provides, in pertinent part:
 {¶ 15} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 16} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 17} "(b) That the sentence is otherwise contrary to law."
 {¶ 18} "Clear and convincing evidence is that measure or degree of proof which is
 {¶ 19} more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The jury found appellant guilty of a fourth degree felony. Pursuant to R.C. 2929.14(A)(4), "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."
 {¶ 20} The record indicates that in addition to considering the factors under R.C. 2929.14(B), the trial court also considered the seriousness and recidivism factors contained in R.C. 2929.12. Tr. Sentencing Hrng., July 15, 2002, at 10. The mitigating factors are contained in subsection (C) of R.C. 2929.12, which provides as follows:
 {¶ 21} "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 22} "(1) The victim induced or facilitated the offense.
 {¶ 23} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 24} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 25} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 26} Appellant maintains all of the above factors are present in this case because appellant was merely responding to his friend's request to drive him home due to his intoxicated state. Appellant further argues he had no intention of causing any harm to his friend or anybody else. Thus, appellant concludes he should have been sentenced to the minimum sentence of six months.
 {¶ 27} Although the record indicates the trial court considered the above factors, the trial court clearly found appellant committed one of the worst forms of the offense for which he was convicted. Specifically, the trial court found that appellant made a number of very poor judgments that night, which resulted in serious harm to Simon and the death of his friend. Tr. Sentencing Hrng., July 15, 2002, at 13. Appellant knowingly drove to Gracey's Bar to pick up his friend even though he did not have a valid driver's license and had consumed alcohol. Id. at 10-11. The trial court also considered the fact that appellant did not drive home after leaving the bar with his friend, but instead decided to go joy riding looking for deer on a dark, foggy night. Id. at 11. The trial court concluded the minimum sentence would demean the seriousness of appellant's conduct and not adequately protect the public. Id. at 12.
 {¶ 28} Having reviewed the record in this matter, we do not find, by clear and convincing evidence, the trial court's imposition of the maximum sentence is contrary to law. The trial court considered the mitigating factors contained in R.C. 2929.12(C) and found these factors outweighed by the seriousness of appellant's conduct. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J., Edwards, J., and Boggins, J., concur.
Topic: Improperly Imposed Maximum Sentence.